IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SARAH PEELER,

Plaintiff,

v.

LUKE CHASTAIN and
UNITED STATES OF AMERICA,

Defendants.

OPINION AND ORDER

25-cv-298-wmc

---

This court previously allowed self-represented plaintiff Sarah Peeler to proceed on a Fourth Amendment claim against defendant Luke Chastain, a United States Marshal, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), based on the alleged unlawful search of her home in June 2022. (Dkt. #20.) While the court denied plaintiff leave to proceed against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, for the alleged emotional distress, property damage, and economic losses she sustained during the incident, it gave her an opportunity to file an amended complaint including allegations showing that she both exhausted her administrative remedies with respect to her FTCA claim and timely filed suit in this court. (*Id.* at 5-6.) Plaintiff has now filed a second amended complaint repeating the allegations in her original complaint and adding allegations relating to the exhaustion and timeliness of her FTCA claim. (Dkt. #26.) For the reasons below, plaintiff will be allowed to proceed on her FTCA claim, and the proposed second amended complaint will become the operative pleading in this case.

OPINION

As explained in the court's previous screening order, before an individual may sue to recover damages under the FTCA, she must first exhaust administrative remedies, 28 U.S.C § 2675(a), by filing a claim for damages with the relevant federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b). Under the applicable statute of limitations, a tort claim against the United States is "forever barred" unless it is: (1) presented in writing to the appropriate federal agency within two years after the claim accrues; and (2) brought to federal court "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." *Giles v. United States*, No. 22-CV-405-WMC, 2024 WL 4930556, at *2 (W.D. Wis. Dec. 2, 2024) (citing 28 U.S.C. § 2401(b); *United States v. Wong*, 575 U.S. 402, 405 (2015)). The accrual of a cause of action for purposes of the FTCA begins when the claimant knows or should have known of the existence of her injury and who caused it; it does not await the claimant's gaining knowledge that there was negligence or a wrongful act involved in the causation of the injury. *United States v. Kubrick*, 444 U.S. 111, 122-23 (1979).

Here, plaintiff's FTCA claim began to accrue on the date of defendant Chastain's search of plaintiff's home, which was June 16, 2022. In her amended complaint, plaintiff alleges that she filed an administrative claim for $2,000,000 in damages with the United States Marshals' Office about 23 months later, on May 15, 2024. (Dkt. #26, at ¶ 31-32; dkt. #26-2.) The Marshals' Office acknowledged receipt of the claim on May 29, 2024 (dkt. #26-3), and then on October 30, 2024, offered to settle the claim for $2,055 (dkt. #26-4), which plaintiff rejected. Assuming at this early stage that the government's failure to offer plaintiff complete relief constituted a final denial of her claim under 28 U.S.C. § 2675, plaintiff had until April

30, 2025, to file her lawsuit in this court. Because plaintiff filed her federal complaint on April 15, 2025, it is plausible that her FTCA claim is both exhausted and timely. Accordingly, plaintiff will be allowed to proceed on a FTCA claim against defendant United States.

ORDER

IT IS ORDERED that:

1) In addition to the claim on which she has already been granted leave to proceed, plaintiff Sarah Peeler is GRANTED leave to proceed on a FTCA claim against defendant United States of America, as set forth above.

2) Plaintiff's second amended complaint (dkt. #26) shall be the operative pleading in this case.

3) The clerk of court is directed to ensure that the United States Marshals Service serves defendant United States with a copy of plaintiff's second amended complaint (dkt. #26), the original screening order (dkt. #20), and this order. Plaintiff should not attempt to serve defendant on her own at this time.

Entered this 17th day of November, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge